(75 App. Div. 103.)

## G. F. HARVEY CO. v. NATIONAL DRUG CO. et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. INJUNCTION—TRADE SECRETS—KNOWLEDGE OF EMPLOYE—USE BY RIVAL.

Where ·an employé of a company manufacturing certain pharma-ceutical preparations by secret formulæ and processes, after learning such secrets, became an officer of a rival corporation, and thus com-municated and used such formulæ and processes in the manufacture of similar preparations, such use should be enjoined.

2. SAME.

When an employé of a company which manufactured certain pharma-ceutical preparations on orders and receipts sent them by various physi-cians took copies of such receipts to a rival company, which manufac-tured such preparations therefrom, the first company had not such in-terest in the receipts as would entitle it to an injunction to restrain such use by its rival.

3. SAME—INJUNCTION ORDER.

A company manufacturing pharmaceutical preparations is not entitled to an injunction restraining a rival manufacturer from using or selling any preparation or medicine, compounded from any secret formulæ the knowledge of which was obtained from such company by an employé and communicated by him to such rival, without specifying what prep-arations are intended to be covered by the injunction.

Appeal from judgment ·on report of referee.

Injunction by the G. F. Harvey Company against the National Drug Company and others. From a judgment for plaintiff, defend-ants appeal. Modified and affirmed.

Argued before ·PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

J. S. L'Amoreaux, for appellants.
Edgar T. Brackett, for respondent.

PARKER, P. J. Leon J. Harvey was in the employ of the plain-tiff prior to December 12, 1899. He was its superintendent, and had charge of its manufacturing department. The business of the plain-tiff was the manufacturing of pharmaceutical preparations and drugs. While so employed, Leon J. Harvey learned the ingredients and pro-portions of certain preparations manufactured and sold by the plain-tiff, and also the ingredients and proportions of many preparations put up by the plaintiff upon the order and receipt of various physicians from all parts of the country. These receipts, so sent, Harvey copied into a book, which he took away with him when he left the plain-tiff's employ. After he left the plaintiff's employ, Leon J. Harvey went into the employment of the defendant company, and of which he became one of the directors, and which company is in a business similar to that carried on by the plaintiff as above stated. It is claimed by the plaintiff that Leon J. Harvey is manufacturing, for the defendant, preparations similar to those which he made for the plaintiff, and which the plaintiff is still making and selling; and that, by so doing, he and the defendant company are unlawfully appro-priating to their own use the secrets and property of the plaintiff;

¶ 1. See Injunction, vol. 27, Cent. Dig. § 110.

and thereby greatly injuring its trade and the profits therefrom; and this action is brought to restrain them from so doing, and for damages caused thereby. The referee before whom the action was tried, found, substantially, as facts: That the several pharmaceutical preparations, viz., vitogen, rickine, and Saratoga ointment, were manufactured by the plaintiff while Leon J. Harvey was in its employ, and that it still continues to manufacture and sell the same; that as to the first two preparations, vitogen and rickine, the ingredients for each, and the mode and proportions used in mixing the same, were the plaintiff's secrets, and that such secrets were of great value to the plaintiff; that, as to the Saratoga ointment, the ingredients of which it was made were not kept secret, but were made public by the plaintiff, but that the formula and manner of compounding the same were kept secret, and that such secret was of great value to the plaintiff; that each of such secrets was necessarily made known to said Harvey while he was in the plaintiff's employ. He also found, in substance, that said Harvey, in violation of his duty to keep such secrets and not to expose or use the same, was now manufacturing for the defendant company, which was selling, under the names of "Salvol," "Febricine," and "Lyptoline," such three preparations, or substantially the same, in violation of the plaintiff's rights therein, and to its great damage. As to these three preparations, he decides that the plaintiff is entitled to a judgment enjoining the defendant from further manufacturing or selling the same. As to the several other compounds claimed in the plaintiff's complaint to be sold and manufactured by the defendant in violation of the plaintiff's rights, he finds against the plaintiff.

It is not disputed but that, in the first two compounds above named as being made and sold by the defendant, there are several ingredients not included in the preparation made and sold by the plaintiff; but the principal and effective ingredients therein are those which Harvey used and which he learned while in the plaintiff's employ. Without the knowledge concerning them which he learned there, he would not have compounded either salvol or febricine for the defendant; and I am of the opinion that the referee was correct in concluding that, as to those compounds, they were substantially based upon and violated the secret process of the plaintiff. As to the lyptoline, although the ingredients were not the plaintiff's secret, the proportions and method of compounding the same are substantially the same as those used in the plaintiff's Saratoga ointment. The referee further finds that such secret formula for compounding such ingredients is of great value to the plaintiff; and I conclude that he is correct in his conclusion that the plaintiff's rights are unlawfully invaded by the defendant's using the same in its preparation and sale of lyptoline. There is no dispute between the parties as to the law of the case, and as to these compounds the decision of the referee is correct upon the facts, and should be sustained.

But the referee further decided that it was unlawful for Leon J. Harvey to use or disclose either of the private or special formulæ which the plaintiff had received from various physicians throughout the country when it was employed by them to prepare the same,

and of which Harvey had kept copies. With this conclusion I do not agree. The plaintiff was simply an employé to put up such preparation from a formula sent it by the physician ordering the same. There is no evidence that the physician had any intent to keep such formula a secret, or had any desire to retain to himself a property therein; but even if he did, and as between itself and the physician the plaintiff was obligated to keep the formula a secret, I am unable to discover how it acquired any exclusive property therein. Concede that, as against the physician, neither the plaintiff nor Harvey could lawfully disclose or use the formula; the secret, if any, and the property arising therefrom, were the physician's, and he alone, I apprehend, could complain of Harvey for unlawfully using the same. The formulæ for such preparations never became the secret or property of the plaintiff, and hence it had no cause of action against Harvey for disclosing or using them. In this respect, the injunction granted by the judgment is too broad.

The judgment, in effect, further provides that Harvey and the other defendants be enjoined from using or selling any preparation or medicine prepared or compounded from any secret formulæ the knowledge of which Harvey obtained from the plaintiff while in its employ, or from disclosing such secret. This restriction is too broad. This judgment determines that the formulæ regarding vitogen, rickine, and Saratoga ointment are the plaintiff's secret, and as to them the restraint is proper; but, so far as the decision in this case discloses, there are no other secrets as to which the plaintiff is entitled to be protected; and hence such a sweeping provision as to any other secret formulæ of the plaintiff is unnecessary. It suggests some other secret process which the defendants may not use, but, no other having been shown, the exact relief granted is by such suggestion rendered indefinite and confusing.

In these two respects the judgment appealed from should be modified, and as so modified affirmed. No costs of this appeal should be allowed to either party. All concur.